**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Juan-Carlos Preciado, et al., | No. CV-22-01422-PHX-DLR |
| Plaintiffs, | **ORDER** |
| v. | |
| Great Wolf Lodge, et al., | |
| Defendants. | |

Several motions pend before the Court. Defendants Salt River Pima-Maricopa Indian Community, Martin Harvier, and Phillip LaRoche (the "Salt River Defendants") and Defendants Great Wolf Lodge, Say Moua, Isela Kerbaugh, Aaron Betz, Sydney Doe, and Amy Johnson (the "Lodge Defendants") filed separate motions to dismiss. The Court construes motions to strike by Plaintiffs Juan-Carlos Preciado and Bianca Bautista-Preciado ("Juan-Carlos" and "Bianca" hereafter) as responses to these motions. (Docs. 26-29.) Plaintiffs have moved for leave to amend. Plaintiffs also filed motions for orders to show cause, motions for sanctions, and other motions to strike. (Docs. 30-31, 42, 44, 46.) For the following reasons, the Court grants the motions to dismiss, denies the motion for leave to amend, and denies the remaining motions as moot.

**I. Background[1]**

With a reservation for lodging, Plaintiffs visited Great Wolf Lodge in March 2021.

---

[1] The background comes entirely from Plaintiffs' first amended complaint. (Doc. 8.)

Bianca wore a clear face shield and Juan-Carlos wore a costume mask. While using amenities there, employees informed Plaintiffs that their masks did not comply with the Great Wolf Lodge COVID-19 mask policy. Rather than comply, Juan-Carlos placed his costume mask on the back of his head and asked the employee "(1) Am I, your property? (2) Do I have a contract with you? And (3) Have I relinquished all of my rights to you?"

This pattern repeated, with different representatives of Great Wolf Lodge asking Plaintiffs to wear a mask that complied with the Great Wolf Lodge mask policy and Plaintiffs declining to do so. Eventually, sensing Plaintiffs would continue to buck the mask policy, Great Wolf Lodge employees asked Plaintiffs to leave and offered a full refund. Plaintiffs left and filed this suit against Great Wolf Lodge and its representatives, as well as the Salt River Defendants, who propagated recommendations and guidelines upon which the Great Wolf Lodge's mask policy was based.

**II. The Salt River Defendants**

Federal courts are courts of limited jurisdiction possessing only the authority granted to them by the Constitution and Congress. *Vacek v. U.S. Postal Serv.*, 447 F.3d 1248, 1250 (9th Cir. 2006). At all times, the plaintiff bears the burden of establishing subject-matter jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A party may challenge the Court's subject-matter jurisdiction using a motion under Federal Rule of Civil Procedure 12(b)(1). The challenge can be facial or factual. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). A facial attack challenges the allegations in the complaint as insufficient to invoke federal jurisdiction; a factual attack challenges the truth of allegations in the complaint that would otherwise confer federal jurisdiction. *Id.* This challenge is facial, as it argues that suit against the Salt River Defendants is barred by sovereign immunity.

"As a matter of federal law, an Indian tribe is subject to suit only where Congress has authorized the suit or the tribe has waived its immunity." *Kiowa Tribe of Oklahoma v. Mfg. Techs., Inc.*, 523 U.S. 751, 754 (1998); *see also Cook v. AVI Casino Enterprises, Inc.*, 548 F.3d 718, 725 (9th Cir. 2008) ("Tribal sovereign immunity protects Indian tribes from

suit absent express authorization by Congress or clear waiver by the tribe.") Tribal sovereign immunity also protects individual tribal defendants when the tribe is the "real, substantial party in interest." *Pistor v. Garcia*, 791 F.3d 1104, 1114 (9th Cir. 2015) (quoting *Maxwell v. Cnty. of San Diego*, 708 F.3d 1075, 1088 (9th Cir. 2013)).

The Court finds no congressional authorization or waiver as to any of the claims Plaintiffs assert against the Salt River Defendants. Plaintiffs have likewise not identified any exception to tribal sovereign immunity. (Doc. 26, 29, 31.) As to Harvier and LaRoche, the Salt River Tribe is the substantial party in interest because the first amended complaint ("FAC") alleges that both were enforcing the Tribe's masking policy and asks the Court to declare the policy unconstitutional and enjoin the Tribe from enforcing the policy. *Larson v. Domestic & Foreign Com. Corp.*, 337 U.S. 682, 688 (1949) ("[T]he sovereign can act only through agents and, when the agents' actions are restrained, the sovereign itself may, through him, be restrained."). Sovereign immunity therefore applies, and this Court lacks subject-matter jurisdiction over Plaintiffs' claims against the Salt River Defendants.

**III. The Lodge Defendants**

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The task when ruling on a motion to dismiss "is to evaluate whether the claims alleged [plausibly] can be asserted as a matter of law." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). When analyzing the sufficiency of a complaint, the well-pled factual allegations are taken as true and construed in the light most favorable to the plaintiff. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). Pleading standards are loosened further for self-represented plaintiffs. The Court liberally construes their pleadings and afford them the benefit of any doubt. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). However, legal conclusions couched as factual allegations are not entitled to the assumption of truth, *Iqbal*, 556 U.S. at 680, and therefore are insufficient to defeat a motion to dismiss for failure to state a claim, *In re Cutera Sec. Litig.*, 610 F.3d 1103, 1108 (9th

Cir. 2008).

## A. Counts I and VI

Counts I and VI are brought under 42 U.S.C. § 1983, alleging violations of rights afforded by the First, Fifth, and Fourteenth amendments to the United States Constitution. A claim under section 1983 requires a plaintiff to show "(1) that the conduct complained of was committed by a person acting under the color of state law; and (2) that this conduct deprived them of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Pistor v. Garcia*, 791 F.3d 1104, 1114 (9th Cir. 2015) (quoting *Evans v. McKay*, 869 F.2d 1341, 1347 (9th Cir. 1989)).

Plaintiffs fail both elements. As to the first, the FAC makes no allegation that the Lodge Defendants were acting under color of law. As to the second, Plaintiffs fail to allege constitutional injuries. Plaintiffs never identify any property or religious-liberty interests that Defendants deprived them of, disposing of Count I, which was based on the Fifth and Fourteenth Amendments. *See Town of Castle Rock, Colo. v. Gonzales*, 545 U.S. 748, 763 (2005) (holding that vaguely identified entitlements are insufficient under a section 1983 claim). Count VI concerns conduct, which the First Amendment protects when it is "expressive." *Rumsfeld v. Forum for Acad. & Institutional Rights, Inc.*, 547 U.S. 47, 66 (2006). At best, Plaintiffs complain that enforcement of the mask policy prevented them from "get[ting] people to smile and strike up great conversations" and (2) being known as the "mask guy" and the "wife of the 'mask guy' by the men and women who are employees of Trader Joe's." (Doc 8 at 32-33.) These allegations, or reasonable inferences drawn therefrom, do not explain what Plaintiffs were trying to express by their conduct (wearing masks) and therefore do not state a claim under the First Amendment. Plaintiffs do not address either of these two elements in their response. (Doc. 29.)

## B. Count II

Count II arises under 42 U.S.C. § 1985, which requires a plaintiff to prove:

> the defendants did (1) "conspire or go in disguise on the highway or on the premises of another" (2) "for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal

> privileges and immunities under the laws." It must then assert that one or more of the conspirators (3) did, or caused to be done, "any act in furtherance of the object of (the) conspiracy," whereby another was (4a) "injured in his person or property" or (4b) "deprived of having and exercising any right or privilege of a citizen of the United States."

*Life Ins. Co. of N. Am. v. Reichardt*, 591 F.2d 499, 502 (9th Cir. 1979) (quoting *Griffen v. Breckenridge*, 403 U.S. 88, 91 (1971)). As the Lodge Defendants argue, Plaintiffs have failed to plausibly allege the second and fourth elements.

As to the second element, a plaintiff must show "some racial, or perhaps otherwise class-based invidiously discriminatory animus behind the conspirator' action." *Griffith*, 403 U.S. at 102. Plaintiffs allege "[t]he discriminatory animus was that the employes working for the [Lodge Defendants] were a Sovereign class and the Plaintiffs were not." (Doc. 8 at 30.) But Plaintiffs make no non-conclusory allegations from which the Court could reasonably infer that the Lodge Defendants knew that Plaintiffs were non-tribal members or acted for any purpose other than to enforce the mask policy. (Doc. 8 at 6, 8-9, 11-13, 16-18, 21-22.)

As to the fourth element, Plaintiffs claim that the conspiracy deprived them "of the equal protection, equal privileges, and immunities as guaranteed by the constitution and laws of the United States and the State of Arizona" as well as Plaintiffs' constitutionally protected rights of property and freedom of conscience." These are the same injuries alleged in Counts I and IV, and for the same reason, fail to state a claim for those injuries.

### C. Count III: common law conspiracy

This count restates the same injuries as alleged in Claim II (42 U.S.C. § 1985), deprivation of constitutional rights. Because the Court finds that Plaintiffs have not alleged a constitutional deprivation, this count fails as well.

### D. Count IV: denial of service at a public accommodation

A claim under 42 U.S.C. § 2000a requires a plaintiff to show that services "were available to similarly situated persons outside [Plaintiffs'] protected class who received full benefits or were treated better." *Dragonas v. Macerich*, No. CV-20-01648-PHX-MTL,

2021 WL 3912853, at *4 (D. Ariz. Sept. 1, 2021). Plaintiffs do not respond to this argument or allege that the Lodge Defendants treated persons outside of Plaintiffs' racial classes any differently. This count fails.

### F. Count V: intentional infliction of emotional distress

Count V arises under Arizona law and—because the parties are not diverse and no federal question remains—the Court lacks subject-matter jurisdiction. *See* 28 U.S.C. §§ 1331, 1332. This claim is therefore dismissed. *Scholastic Entm't, Inc. v. Fox Entm't Grp., Inc.*, 336 F.3d 982, 985 (9th Cir. 2003) (holding that a district court may, on its own, dismiss a matter for lack of subject-matter jurisdiction).

**IV. Motion for Leave to Amend**

To begin with, Plaintiffs' motion for leave to amend does not comply with Local Rule 15.1, which requires the movant to attach a proposed amended complaint to their motion for leave to amend, as well as identify the differences between the operative complaint and the proposed amended complaint. A court also may deny leave to amend if the proposed amendment would be futile. *V.V.V. & Sons Edible Oils Ltd. v. Meenakshi Overseas, LLC*, 946 F.3d 542, 547 (9th Cir. 2019). Plaintiffs' proposed amended complaint is futile because the Salt River Defendants would remain entitled to sovereign immunity and it fails to state claims for Counts I-IV and VI for the same reasons as above.

The proposed amended complaint adds a 42 U.S.C. § 1983 claim under the Thirteenth Amendment. Like the other 42 U.S.C. § 1983 claims, Plaintiffs fail to allege that the Lodge Defendants were acting under color of law. Besides, Plaintiffs fail to allege that they were "forced to work for the defendant by the use or threat . . . of coercion through law or the legal process." *United States v. Kozminski*, 487 U.S. 931, 952 (1988); *see Brogan v. San Mateo Cnty.*, 901 F.2d 762, 764 (9th Cir.1990). Merely enforcing compliance with corporate policies (Doc. 35 at 34) does not rise to being forced to work. This proposed amendment to the complaint is not just futile, it is patently frivolous.

As before, with all federal claims dismissed and no diversity of parties, the Court would lack subject-matter jurisdiction over Count V. For these reasons, leave to amend is

futile and thus denied.

**V. Conclusion**

The Salt River Defendants are entitled to sovereign immunity and must be dismissed. The FAC fails to state a claim for Counts I-IV and VI; the Court lacks subject-matter jurisdiction over Count V. The FAC must be dismissed in its entirety. Because amendment would be futile, leave to amend is denied. Plaintiffs' motions for orders to show cause, motions to strike, and motions for sanctions all concern the motions to dismiss and the issues therein. They are therefore moot because the Court grants the motions to dismiss. Accordingly,

**IT IS ORDERED** that Defendants' motions to dismiss (Docs. 23, 24) are **GRANTED**.

**IT IS ORDERED** that Plaintiffs' motion for leave to amend (Doc. 33) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiffs' motions for orders to show cause, motions to strike, and motions for sanctions (Docs. 26, 28, 30, 31, 42, 44, 46) are **DENIED** as moot.

**IT IS FURTHER ORDERED** that the Clerk shall terminate this case.

Dated this 22nd day of August, 2023.

Douglas L. Rayes
United States District Judge